

SEP 0 9 2020

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| JEFFREY C. GEHRMANN, married man,<br><br>                Plaintiff,<br><br>vs.<br><br>KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. f/k/a SWIFT TRANSPORTATION CO. LLC, a foreign corporation or limited liability company, CR ENGLAND INC., a foreign corporation, MOHAVE TRANSPORTATION INSURANCE CO, a foreign corporation, and INTERSTATE EQUIPMENT LEASING LLC., a foreign limited liability company,<br><br>                Defendants. | NO. 20-2-06760-7<br><br>AMENDED SUMMONS |

TO THE DEFENDANTS:

A lawsuit has been started against you in the above-entitled court by the Plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served on you with this Summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be

AMENDED SUMMONS - 1

Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

rendered against you without notice. A default judgment is one where Plaintiff is entitled to what he asks for because you have not responded. If this summons is served outside the State of Washington you have 60 days within which to respond. If you serve a Notice of Appearance on the undersigned person you are entitled to notice before a default judgment may be rendered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 3rd day of September, 2020.

_____
ANTONI H. FROEHLING, WSBA #8271
Attorney for Plaintiff

AMENDED SUMMONS - 2

Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

SEP 0 9 2020

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| JEFFREY C. GEHRMANN, married man,<br><br>Plaintiff,<br><br>vs.<br><br>KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. f/k/a SWIFT TRANSPORTATION CO. LLC, a foreign corporation or limited liability company, CR ENGLAND INC., a foreign corporation, MOHAVE TRANSPORTATION INSURANCE CO., a foreign corporation, and INTERSTATE EQUIPMENT LEASING LLC., a foreign limited liability company,<br><br>Defendants. | NO. 20-2-06760-7<br><br>AMENDED COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS DAMAGE TO PROPERTY, BREACH OF FIDUCIARY RELATIONSHIP, AND VIOLATION OF DUTIES OF GOOD FAITH AND FAIR DEALING |

COMES NOW the Plaintiff consistent with the provisions of CR 15 and files the following amended complaint. The amendments are for two purposes; substitute Mohave Insurance Center, Inc. with Mohave Transportation Insurance Co. and substitute Interstate Equipment Leasing, Inc. with Interstate Equipment Leasing LLC. The substitutions are based on information provided by defendants.

I.
PARTIES

1.1   Plaintiff Jeffrey C. Gehrmann is a married man residing in the State of Washington.

AMENDED COMPLAINT - 1

Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

1.2     Defendant Knight-Swift Transportation Holdings Inc. (Knight-Swift) is a foreign corporation, a portion of which formerly did business as Swift Transportation Co. LLC or Swift Transportation Co. Inc. (Swift). Swift became part of Knight-Swift in September of 2017. Swift and Knight-Swift are engaged in the trucking and transportation business. The actions complained of in this complaint occurred both before and after the merger.

1.3     Defendant CR England Inc. (England) is a foreign corporation engaged in the trucking and transportation business.

1.4     Defendant Mohave Transportation Insurance Co. (Mohave) is in the business of providing insurance in the trucking industry. Upon information and belief, Mohave is associated with, or owned by, or contractually connected with Swift.

1.5     Interstate Equipment Leasing LLC. (Interstate) is a commercial leasing company engaged in the business of leasing trucks. Upon information and belief, they have a contractual relationship with Swift whereby persons in Plaintiff's position who wished to purchase a truck from Swift would be directed to enter the contractual relationship with Interstate, rather than Swift.

## II.
## JURISDICTION AND VENUE

2.1     Plaintiff Jeffrey C. Gehrmann resides in Pierce County, State of Washington. Plaintiff entered into contracts with Swift, Mohave and Interstate in Washington.

2.2     All corporate Defendants do business in the State of Washington by entering into contracts in the state.

2.3     Jurisdiction and venue are proper under RCW 4.12.025 and RCW 4.28.185.

AMENDED COMPLAINT - 2

Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

## III.
## FACTUAL BACKGROUND

3.1 Prior to July 9, 2017, Plaintiff was employed by or was contracted to Defendant Swift. He had been so employed or contracted for approximately 5 years prior to July, 2017. He was employed or contracted with as an owner-operator of a truck.

3.2 At all times relative to this claim, Plaintiff was insured by Defendant Mohave. Upon information and belief, Mojave and Swift had a relationship where those individuals wishing to do business with Swift as owner operators and purchase a truck through Swift and Interstate are directed to Mohave for their truck insurance.

3.3 In approximately 2012 or 2013, Plaintiff wished to purchase a new truck. Since he was driving for Swift, he was encouraged to, and ultimately convinced to purchase the 2012 Kenworth through Swift. Swift thereafter arranged for the financing of the purchase and sale contract to be arranged through Defendant Interstate.

3.4 On July 9, 2017, while Plaintiff's truck was parked at a truck stop in Foristell, Missouri, an employee of Defendant England, who was driving an England truck, collided with Plaintiff's truck.

3.5 The damage to Plaintiff's truck was very significant; the preliminary estimate Plaintiff obtained was in excess of $45,000.00. That estimate was obtained from a nearby Kenworth dealer, where Plaintiff wanted his truck fixed. Plaintiff was advised the amount was likely to be significantly higher as more damage was discovered during repairs.

3.6 Plaintiff contacted Swift, who in turn advised him to contact Mohave.

Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

3.7	During Plaintiff's conversations with the agent at Mohave, he was advised that the quote was "excessive" and Mohave thereafter had the truck towed to a nearby Freightliner dealer, which happened to be a local "hub" for England.

3.8	The repair quote from the local Freightliner dealership was significantly lower than the one from Kenworth, and over Plaintiff's objections, repairs were authorized to commence at Freightliner.

3.9	It took approximately 6 weeks to complete the initial repairs.

3.10	During this time, both Swift and Mohave advised Plaintiff that all repairs to his truck must be "handled" through his insurer, Mohave, and not through England.

3.11	After picking up the truck, Plaintiff noticed almost immediately that there were serious issues with the truck, all caused by the accident and supposedly repaired during the initial repairs.

3.12	For several months, Plaintiff would find or observe serious problems with the truck, all serious and some life-safety related. The truck was in and out of repair facilities several times to correct those problems.

3.13	Initially, Mohave authorized the repairs and paid for them. After the second or third such repair, Mohave refused to make the payments, which in turn were paid for by Swift, but taken out of Plaintiff's pay check. Mohave claimed that those repairs were not related to the accident. During this period, the truck was inoperable numerous times, and Plaintiff would only find out the repair was not authorize after the repairs were started, putting Plaintiff in the position of driving for Swift, but having most of his pay taken out of his check for the repairs that Mohave refused to pay.

3.14   By March of 2018, it was clear to all parties that the damage to the truck was not able to be reliably repaired and Mohave made the decision to "total" the truck.

3.15   By that time, Plaintiff's out of pocket repair costs and other expenses taken from his pay check combined in such a way that when the truck was totaled, he received virtually nothing.

3.16   At the time of the accident, Plaintiff's truck had been worth approximately $90,000.00 and he owed approximately $12,000.00 on it. Plaintiff lost all of the equity.

3.17   On March 28, 2013 Defendant Swift sent Plaintiff a letter advising Plaintiff his relationship with Swift was terminated. Plaintiff was given no reason or explanation for the termination. On the same day, Defendant Interstate sent Plaintiff a letter terminating Plaintiff's installment sale contract for his truck.

## IV.
## CAUSES OF ACTION

### First Cause of Action

4.1   Plaintiff has a Tort claim for all damages related to this accident against Defendant England. England employed the driver that was driving an England truck that collided with Plaintiff's truck. Plaintiff's truck was stationary at the time and the England Driver was negligent in not operating his truck in such a way as to avoid colliding with a lawfully parked truck

4.2   Defendant England is responsible for the actions of its driver by reason of the doctrine of Respondeat Superior.

AMENDED COMPLAINT - 5

Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

## Second Cause of Action

4.3  Defendants Swift, Mohave and Interstate have a contractual, common law and statutory obligation to deal with Plaintiff fairly, in good faith. Plaintiff has a tort claim against these defendants for violation of the obligation of good faith and fair dealing. Plaintiff also has as violation of contract claim against Mohave for not appropriately adjusting his claim for damages to his truck.

4.4  By acting in concert together to essentially force Plaintiff, if he wanted to drive for Swift and purchase a new truck, to purchase his truck through Swift, finance it through Interstate and insure through Mohave, the Defendants have tortuously violated the obligation of good faith and fair dealing. They have put Plaintiff in a position, through no fault of his own, where he has suffered losses which total over $100,000. Their actions, acting in concert together, have combined to violate statutory and common law duties of good faith, fair dealing and violation of their fiduciary responsibilities owed to Plaintiff.

## Third Cause of Action

4.5  By terminating their contractual relationships with Plaintiff on the same day, Swift and Interstate have breached their contract with Plaintiff.

## Fourth Cause of Action

4.6  Defendants Mohave and Swift have fiduciary relationships with Plaintiff by reason of their encouraging Plaintiff to trust their working relationship. Plaintiff was advised that the repairs should all be handled by Mohave, because Mohave was Plaintiff's insurance company and would look after Plaintiff's interests and that Plaintiff need not bother making a claim against England or its driver. Swift at all times both advised Plaintiff, he needed to deal

AMENDED COMPLAINT - 6

Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

with Mohave, and also dealt with Mohave directly regarding the repairs. Plaintiff has a cause of action against these defendants for breaching their fiduciary relationship with Plaintiff.

### Fifth Cause of Action

4.7   Defendant Mohave has violated the statutory requirement of dealing in good faith found in RCW 40.01.30 and RCW 19.86.020.

## V.
## PLAINTIFF'S DAMAGES

5.1   By reason of the acts of the Defendants, Plaintiff has suffered damages as follows:

a.  Loss of approximately $75,000 to $80,000 equity value in his truck,

b.  Cost of out of pocket repairs in the approximate value of $20,000.00,

c.  Loss of revenue for the period during which he was unable to operate his truck and thereby make earnings, which includes both the initial and subsequent breakdown periods in the approximate value of $10,000.00, and

d.  The cost of attorney fees which will be determined at trial.

WHEREFORE, Plaintiff prays for relief as follows:

1.  For judgment for the damages outlined above,

2.  For costs and disbursement incurred in the pursuit of this matter,

3.  For reasonable attorney fees as authorized by statue or contract, and

4.  For such other relief as found equitable in this matter.

Dated this 3rd day of September, 2020.

_____
ANTONI H. FROEHLING, WSBA #8271
Attorney for Plaintiff

AMENDED COMPLAINT - 7

Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

1 | STATE OF WASHINGTON )
2 | County of Pierce            ) ss.

3  Antoni H. Froehling, being first duly sworn on oath, deposes and says: I am the attorney for the Plaintiff in the above matter, that I have read the foregoing document, know the contents thereof and believe the same to be true.

_____
ANTONI H. FROEHLING

SUBSCRIBED AND SWORN to before me this 3rd day of September, 2020.

_____
BETTY A. HENDRICKS
NOTARY PUBLIC in and for the State of Washington residing at Sumner
My Commission Expires: 3/15/22

AMENDED COMPLAINT - 8

Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

SEP 0 9 2020

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| JEFFREY C. GEHRMANN, married man,<br><br>Plaintiff,<br><br>vs.<br><br>KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. f/k/a SWIFT TRANSPORTATION CO. LLC, a foreign corporation or limited liability company, CR ENGLAND INC., a foreign corporation, MOHAVE TRANSPORTATION INSURANCE CO, a foreign corporation, and INTERSTATE EQUIPMENT LEASING LLC., a foreign limited liability company,<br><br>Defendants. | NO. 20-2-06760-7<br><br>ACCEPTANCE OF SERVICE |

Colin J. Troy, the attorney for Mohave Transportation Insurance Co., a defendant in the above entitled matter, hereby acknowledges receipt of and accepts service of the Amended Summons, Amended Complaint, and Order Setting Original Case Schedule in the above-entitled action on behalf of the defendant Mohave Transportation Insurance Co.

DATED this _____ day of _____, 2020.

_____
COLIN J. TROY, WSBA #46917
Attorney for Defendant Mohave

ACCEPTANCE OF SERVICE - 1

Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

# FROEHLING Hendricks

ATTORNEYS AT LAW

Antoni H. Froehling
toni@froehlinglaw.com

Katie M. Hendricks
katie@froehlinglaw.com

September 3, 2020

Colin J. Troy
Wood, Smith, Henning & Berman LLP
520 Pike Street, Suite 1525
Seattle, WA 98101-4001

SEP 0 9 2020

Re:   *Gehrmann v. Knight-Swift Transportation Holdings Inc., et al*

Dear Mr. Troy:

    Enclosed please find the Amended Summons, Amended Complaint, and Order Setting Case Schedule regarding the above matter. I have amended the complaint to correct two defendants' names.

    You indicated you would be willing to accept service on behalf of Mohave and if you are still willing, I have enclosed an Acceptance of Service for your review and signature. Please sign and return to my office if you are able to accept. If not, please advise my office and we will serve the registered agent.

Very truly yours,

ANTONI H. FROEHLING

AHF/bh
Enclosures