# *NATIONAL REGISTERED AGENTS, INC*

## *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To: ARACELI DELEON
SWIFT TRANSPORTATION SERVICES, LLC
2200 S 75th Ave
Phoenix, AZ 85043-7410

SOP Transmittal # 537970375

302-658-7581 - Telephone

Entity Served: KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of DELAWARE on this 21 day of July, 2020. The following is a summary of the document(s) received:

1. **Title of Action:** Jeffrey C. Gehrmann, etc., Pltf. vs. KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC., etc., et al., Dfts.
2. **Document(s) Served:** Other: -
3. **Court of Jurisdiction/Case Number:** None Specified
Case # 202067607
4. **Amount Claimed, if any:** N/A
5. **Method of Service:**

_X_ Personally served by: _X_ Process Server ___ Law Enforcement ___ Deputy Sheriff ___ U. S Marshall

___ Delivered Via: ___ Certified Mail ___ Regular Mail ___ Facsimile

___ Other (Explain):

6. **Date and Time of Receipt:** 07/21/2020 10:21:00 AM CST
7. **Appearance/Answer Date:** -
8. **Received From:** None Specified
9. **Carrier Airbill #** 1ZY041160199891732
10. **Call Made to:** Not required
11. **Special Comments:**

SOP Papers with Transmittal, via UPS Next Day Air

Image SOP

Email Notification, ANNE ROWELL anne_rowell@swifttrans.com

Email Notification, ARACELI DELEON Araceli_Deleon@swifttrans.com

**NATIONAL REGISTERED AGENTS, INC**

**CopiesTo:**

Transmitted by Gretchen McDougal

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL




# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jul 21, 2020

**Server Name:** Rodney Samuels

**Location:** Seattle, DE

| | |
|---|---|
| Entity Served | KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. |
| Agent Name | NATIONAL REGISTERED AGENTS, INC. |
| Case Number | 202067607 |
| Jurisdiction | DE |



E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

July 06 2020 11:06 AM

KEVIN STOCK
COUNTY CLERK
**NO: 20-2-06760-7**

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR PIERCE COUNTY**

| | |
|---|---|
| JEFFREY C GEHRMANN<br>Plaintiff(s)<br><br>vs.<br><br>KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC F/K/ A S<br>Defendant(s) | NO. **20-2-06760-7**<br><br>**ORDER ASSIGNING CASE TO JUDICIAL DEPARTMENT AND SETTING REVIEW HEARING DATE(PCLR3/PCLR40)**<br><br>Judge: **Jerry Costello**<br>Department: **07**<br>Docket Code: **ORACD** |

**Notice to Plaintiff/Petitioner(s):**

* Case filed, then served: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial Department on the Defendant(s)/Respondent(s) along with a copy of the Summons and Complaint.
* Case served, then filed: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial Department within five (5) court days of filing.
* Service by publication pursuant to court order: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial Department within five (5) court days of the Defendant(s)/Respondent(s) first response or appearance.

**Trial Date:**
A trial date may be obtained by filing a 'Note of Issue' for assignment of a trial date by noon at least seven (7) court days prior to the date fixed for the mandatory hearing date set out below.

If a trial date is NOT obtained, failure to appear on the date below may result in dismissal of the case by the Court. Further, if the case has been fully resolved and all final papers have been entered by the Court, no appearance is required.

**Mandatory Hearing Date: October 30, 2020 at 9:00 AM**

At the time of this mandatory hearing , the Court may provide you with a Case Schedule which may include the trial date, if necessary. Failure to appear on this date may result in dismissal of the case by the Court.

**Cases Agreed or by Default:**
If you settle your case by entry of an order of default or agreement and all of the appropriate time requirements have been met, you may file a 'Note for Commissioner's Calendar to appear before a Court Commissioner for entry of all final papers unless presentation is allowed in the Commissioner's Ex Parte Department.

July 6, 2020
Date

Jerry Costello
Department 07

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

July 06 2020 11:06 AM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-06760-7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

JEFFREY C. GEHRMANN, married man,

Plaintiff,

vs.

KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. f/k/a SWIFT TRANSPORTATION CO. LLC, a foreign corporation or limited liability company, CR ENGLAND INC., a foreign corporation, MOHAVE INSURANCE CENTER INC., a foreign corporation, and INTERSTATE EQUIPMENT LEASING INC., a foreign corporation,

Defendants.

NO.

COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS DAMAGE TO PROPERTY, BREACH OF FIDUCIARY RELATIONSHIP, AND VIOLATION OF DUTIES OF GOOD FAITH AND FAIR DEALING

COMES NOW the Plaintiff and alleges as follows:

I.
PARTIES

1.1 Plaintiff Jeffrey C. Gehrmann is a married man residing in the State of Washington.

1.2 Defendant Knight-Swift Transportation Holdings Inc. (Knight-Swift) is a foreign corporation, a portion of which formerly did business as Swift Transportation Co. LLC or Swift Transportation Co. Inc. (Swift). Swift became part of Knight-Swift in September of



Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

2017. Swift and Knight-Swift are engaged in the trucking and transportation business. The actions complained of in this complaint occurred both before and after the merger.

1.3 Defendant CR England Inc. (England) is a foreign corporation engaged in the trucking and transportation business.

1.4 Defendant Mohave Insurance Center Inc. (Mohave) is in the business of providing insurance in the trucking industry. Upon information and belief, Mohave is associated with, or owned by, or contractually connected with Swift.

1.5 Interstate Equipment Leasing Inc. (Interstate) is a commercial leasing company engaged in the business of leasing trucks. Upon information and belief, they have a contractual relationship with Swift whereby persons in Plaintiff's position who wished to purchase a truck from Swift would be directed to enter the contractual relationship with Interstate, rather than Swift.

## II.
## JURISDICTION AND VENUE

2.1 Plaintiff Jeffrey C. Gehrmann resides in Pierce County, State of Washington. Plaintiff entered into contracts with Swift, Mohave and Interstate in Washington.

2.2 All corporate Defendants do business in the State of Washington by entering into contracts in the state.

2.3 Jurisdiction and venue are proper under RCW 4.12.025 and RCW 4.28.185.

## III.
## FACTUAL BACKGROUND

3.1 Prior to July 9, 2017, Plaintiff was employed by or was contracted to Defendant Swift. He had been so employed or contracted for approximately 5 years prior to July, 2017.



Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

He was employed or contracted with as an owner-operator of a truck.

3.2 At all times relative to this claim, Plaintiff was insured by Defendant Mohave. Upon information and belief, Mojave and Swift had a relationship where those individuals wishing to do business with Swift as owner operators and purchase a truck through Swift and Interstate are directed to Mohave for their truck insurance.

3.3 In approximately 2012 or 2013, Plaintiff wished to purchase a new truck. Since he was driving for Swift, he was encouraged to, and ultimately convinced to purchase the 2012 Kenworth through Swift. Swift thereafter arranged for the financing of the purchase and sale contract to be arranged through Defendant Interstate.

3.4 On July 9, 2017, while Plaintiff's truck was parked at a truck stop in Foristell, Missouri, an employee of Defendant England, who was driving an England truck, collided with Plaintiff's truck.

3.5 The damage to Plaintiff's truck was very significant; the preliminary estimate Plaintiff obtained was in excess of $45,000.00. That estimate was obtained from a nearby Kenworth dealer, where Plaintiff wanted his truck fixed. Plaintiff was advised the amount was likely to be significantly higher as more damage was discovered during repairs.

3.6 Plaintiff contacted Swift, who in turn advised him to contact Mohave.

3.7 During Plaintiff's conversations with the agent at Mohave, he was advised that the quote was "excessive" and Mohave thereafter had the truck towed to a nearby Freightliner dealer, which happened to be a local "hub" for England.



Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

3.8 The repair quote from the local Freightliner dealership was significantly lower than the one from Kenworth, and over Plaintiff's objections, repairs were authorized to commence at Freightliner.

3.9 It took approximately 6 weeks to complete the initial repairs.

3.10 During this time, both Swift and Mohave advised Plaintiff that all repairs to his truck must be "handled" through his insurer, Mohave, and not through England.

3.11 After picking up the truck, Plaintiff noticed almost immediately that there were serious issues with the truck, all caused by the accident and supposedly repaired during the initial repairs.

3.12 For several months, Plaintiff would find or observe serious problems with the truck, all serious and some life-safety related. The truck was in and out of repair facilities several times to correct those problems.

3.13 Initially, Mohave authorized the repairs and paid for them. After the second or third such repair, Mohave refused to make the payments, which in turn were paid for by Swift, but taken out of Plaintiff's pay check. Mohave claimed that those repairs were not related to the accident. During this period, the truck was inoperable numerous times, and Plaintiff would only find out the repair was not authorize after the repairs were started, putting Plaintiff in the position of driving for Swift, but having most of his pay taken out of his check for the repairs that Mohave refused to pay.

3.14 By March of 2018, it was clear to all parties that the damage to the truck was not able to be reliably repaired and Mohave made the decision to "total" the truck.



**Froehling Hendricks PLLC**
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

3.15 By that time, Plaintiff's out of pocket repair costs and other expenses taken from his pay check combined in such a way that when the truck was totaled, he received virtually nothing.

3.16 At the time of the accident, Plaintiff's truck had been worth approximately $90,000.00 and he owed approximately $12,000.00 on it. Plaintiff lost all of the equity.

3.17 On March 28, 2013 Defendant Swift sent Plaintiff a letter advising Plaintiff his relationship with Swift was terminated. Plaintiff was given no reason or explanation for the termination. On the same day, Defendant Interstate sent Plaintiff a letter terminating Plaintiff's installment sale contract for his truck.

## IV.
## CAUSES OF ACTION

### First Cause of Action

4.1 Plaintiff has a Tort claim for all damages related to this accident against Defendant England. England employed the driver that was driving an England truck that collided with Plaintiff's truck. Plaintiff's truck was stationary at the time and the England Driver was negligent in not operating his truck in such a way as to avoid colliding with a lawfully parked truck

4.2 Defendant England is responsible for the actions of its driver by reason of the doctrine of Respondeat Superior.

### Second Cause of Action

4.3 Defendants Swift, Mohave and Interstate have a contractual, common law and statutory obligation to deal with Plaintiff fairly, in good faith. Plaintiff has a tort claim against these defendants for violation of the obligation of good faith and fair dealing. Plaintiff also has



Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

as violation of contract claim against Mohave for not appropriately adjusting his claim for damages to his truck.

4.4 By acting in concert together to essentially force Plaintiff, if he wanted to drive for Swift and purchase a new truck, to purchase his truck through Swift, finance it through Interstate and insure through Mohave, the Defendants have tortuously violated the obligation of good faith and fair dealing. They have put Plaintiff in a position, through no fault of his own, where he has suffered losses which total over $100,000. Their actions, acting in concert together, have combined to violate statutory and common law duties of good faith, fair dealing and violation of their fiduciary responsibilities owed to Plaintiff.

Third Cause of Action

4.5 By terminating their contractual relationships with Plaintiff on the same day, Swift and Interstate have breached their contract with Plaintiff.

Fourth Cause of Action

4.6 Defendants Mohave and Swift have fiduciary relationships with Plaintiff by reason of their encouraging Plaintiff to trust their working relationship. Plaintiff was advised that the repairs should all be handled by Mohave, because Mohave was Plaintiff's insurance company and would look after Plaintiff's interests and that Plaintiff need not bother making a claim against England or its driver. Swift at all times both advised Plaintiff, he needed to deal with Mohave, and also dealt with Mohave directly regarding the repairs. Plaintiff has a cause of action against these defendants for breaching their fiduciary relationship with Plaintiff.

Fifth Cause of Action

4.7 Defendant Mohave has violated the statutory requirement of dealing in good



Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

faith found in RCW 40.01.30 and RCW 19.86.020.

V.
PLAINTIFF'S DAMAGES

5.1 By reason of the acts of the Defendants, Plaintiff has suffered damages as follows:

a. Loss of approximately $75,000 to $80,000 equity value in his truck,

b. Cost of out of pocket repairs in the approximate value of $20,000.00,

c. Loss of revenue for the period during which he was unable to operate his truck and thereby make earnings, which includes both the initial and subsequent breakdown periods in the approximate value of $10,000.00, and

d. The cost of attorney fees which will be determined at trial.

WHEREFORE, Plaintiff prays for relief as follows:

1. For judgment for the damages outlined above,

2. For costs and disbursement incurred in the pursuit of this matter,

3. For reasonable attorney fees as authorized by statue or contract, and

4. For such other relief as found equitable in this matter.

Dated this 6th day of July, 2020.

#52776

ANTONI H. FROEHLING, WSBA #8271
Attorney for Plaintiff



Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

STATE OF WASHINGTON )
ss.
County of Pierce )

JEFFREY C. GERHMANN, being first duly sworn on oath, deposes and says: I am the Plaintiff in the above matter, that I have read the foregoing document, know the contents thereof and believe the same to be true.

JEFFREY C. GERHMANN

SUBSCRIBED AND SWORN to before me this 6th day of July, 2020.

BETTY A. HENDRICKS
NOTARY PUBLIC in and for the State of Washington residing at Sumner
My Commission Expires: 3/15/22



Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

July 06 2020 11:06 AM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-06760-7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

JEFFREY C. GEHRMANN, married man,

Plaintiff,

vs.

KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. f/k/a SWIFT TRANSPORTATION CO. LLC, a foreign corporation or limited liability company, CR ENGLAND INC., a foreign corporation, MOHAVE INSURANCE CENTER INC., a foreign corporation, and INTERSTATE EQUIPMENT LEASING INC., a foreign corporation,

Defendants.

NO.

SUMMONS

TO THE DEFENDANTS:

A lawsuit has been started against you in the above-entitled court by the Plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served on you with this Summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be rendered against you without notice. A default judgment is one where Plaintiff is entitled to



Froehling Hendricks PLLC
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116

what he asks for because you have not responded. If this summons is served outside the State of Washington you have 60 days within which to respond. If you serve a Notice of Appearance on the undersigned person you are entitled to notice before a default judgment may be rendered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 6th day of July, 2020.

Kate Hendricks #52776

ANTONI H. FROEHLING, WSBA #8271
Attorney for Plaintiff



**Froehling Hendricks PLLC**
510 East Main, Suite F
Puyallup, Washington 98372
(253) 770-0116