UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFERY C. GEHRMANN,<br><br>                Plaintiff,<br><br>   v.<br><br>KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC, et al.<br><br>                Defendants. | CASE NO. C20-6002 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE |

This matter comes before the Court on Defendants Knight-Swift Transportation Holdings, Inc., Mohave Transportation Insurance Co., and Interstate Equipment Leasing, LLC's (collectively "Contract Defendants") motion to transfer venue. Dkt. 11. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.   FACTUAL & PROCEDURAL BACKGROUND

This case arises out of two contracts between Plaintiff Jeffery Gehrmann and Contract Defendants to transport freight and to lease a semi-truck and a collision

ORDER - 1

involving Gehrmann's truck with a C.R. England truck in Foristell, Missouri. Dkt. 1-1, ¶¶ 3.1–3.4.

Gehrmann alleges that he was employed by or was contracted with Knight-Swift as an owner-operator of a truck since approximately 2012. *Id.*, ¶ 3.1. On April 3, 2014, Gehrmann entered into a contractor agreement with Swift Transportation Co. of Arizona, LLC to transport freight provided by Swift. Defendant Knight-Swift is a successor in interest of Swift, and Swift is not a party to this action. The contractor agreement contains the following forum-selection clause:

> The parties agree that any legal proceedings between the parties arising under, arising out of, or relating to the relationship created by this Agreement, including arbitration proceedings discussed above, shall be filed and/or maintained in Phoenix, Arizona or the nearest location in Arizona where such proceedings can be maintained. The parties specifically waive any defense as to personal jurisdiction in any federal or state court in Arizona.

Dkt. 12, Exhibit 1, at 7, ¶ 33.

The same day, Gehrmann entered into an equipment lease agreement with Defendant Interstate Equipment for the lease of a 2013 Kenworth semi-truck to transport freight. The equipment lease contract contains a similar forum-selection clause:

> This Lease shall in all respects be governed by and construed in accordance with the laws of the United State and the State of Arizona without regard to the choice-of-law rules of Arizona or any other state. THE PARTIES AGREE THAT ANY CLAIM OR DISPUTE ARISING FROM OR IN CONNECTION WITH THIS AGREEMENT, WHETHER UNDER FEDERAL, STATE, LOCAL OR FOREIGN STATUTES, REGULATIONS, OR COMMON LAW (INCLUDING BUT NOT LIMITED TO 49 C.F.R. PART 376), SHALL BE BROUGHT EXCLUSIVELY IN THE STATE OR FEDERAL COURTS SERVING PHOENIX, ARIZONA. LESSOR AND LESSEE HEREBY CONSENT TO THE JURISDICITON OF SUCH COURTS.

*Id.*, Exhibit 2, at 11, ¶ 21 (emphasis in original).

On July 9, 2017, Gehrmann alleges that an employee of Defendant C.R. England collided with Gehrmann's truck at a truck stop Foristell, Missouri. Dkt. 1-1, ¶ 3.4. He alleges that the damage to his truck was very significant and that Knight-Swift and Defendant Mohave Transportation Insurance advised him all repairs had to be "handled" through Mohave. *Id.*, ¶¶ 3.5, 3.10. Gehrmann further alleges that the truck was in and out of repair and that, while Mohave initially authorized the repairs and paid for them, Mohave refused to make payments and Knight-Swift paid for the repairs. *Id.*, ¶¶ 3.12–3.13. He asserts that Knight-Swift then took the cost of repair out of his paycheck. *Id.*

Gehrmann thus sues Contract Defendants for breach of contract, tortious damage to property, breach of fiduciary relationship, and breach of the covenant of good faith and fair dealing. *Id.*, ¶¶ 4.3–4.7. He also sues Defendant C.R. England for negligence in causing the July 2017 collision. *Id.*, ¶¶ 4.1–4.2

On December 23, 2020, Contract Defendants filed the instant motion to transfer venue to the District of Arizona pursuant to 28 U.S.C. § 1404(a). Dkt. 11. On January 27, 2021, Gehrmann responded. Dkt. 20. On January 29, 2021, Contract Defendants replied. Dkt. 21. Defendant C.R. England has not responded in opposition to or in support of Contract Defendants' motion.

## II. DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.

§ 1404. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id*.

Although there is a presumption in favor of enforcing forum-selection clauses, there are three exceptions that can make a forum-selection clause unenforceable. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (citing, *inter alia*, *Bremen v Zapata Off-Shore Co.*, 407 U.S. 1 (1972)). A forum-selection clause may be unreasonable and unenforceable: (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought. *Id.* (citing and quoting *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)). The party challenging the forum-selection clause carries a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Bremen*, 407 U.S. at 15, 17.

In this case, Gehrmann and Contract Defendants specified a forum in their agreements. Gehrmann and Knight-Swift mutually agreed to litigate any dispute relating to or arising from the contract to transport freight in Phoenix, Arizona or the nearest location to Arizona where proceedings could be maintained. Gehrmann and Interstate Equipment mutually agreed to litigate any dispute relating to or arising from the contract

to lease the freight truck in Phoenix, Arizona. Contract Defendants argue that the language is clear and should be enforced. Gehrmann, however, argues that the Court should invalidate the forum-selection clauses for two reasons.

First, Gehrmann argues that the forum-selection clauses are unreasonable, as they result from "overweening" bargaining power. Dkt. 20 at 2–3. The Court understands his argument to be that he did not have equal bargaining power with Knight-Swift or Interstate Equipment when he entered into the contracts and agreed to the forum-selection clauses. However, Gehrmann does not provide any authority or evidence to support his assertion that Knight-Swift or Interstate Equipment had "overweening" bargaining power. To the contrary, the Supreme Court has upheld a forum-selection clause in the context of an adhesion contract when the challenging party was given notice of the clause's terms before executing the contract. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594–95 (1991). And the Ninth Circuit upheld a forum selection clause in an employment contract where the employee failed to present evidence that he was improperly induced into entering the contract. *See Spradlin v. Lear Siegler Mgmt Servs Co.*, 926 F.2d 865, 868 (9th Cir. 1991) ("Given appellant's failure to come forward either here or in the district court with anything beyond the most general and conclusory allegations of fraud and inconvenience, we are compelled to affirm."). The Court thus concludes that Gehrmann has not carried his burden under an "overweening" bargaining power theory to preclude the enforcement of the forum-selections clauses.

Next, Gehrmann argues that enforcing the forum-selection clause would make the litigation so difficult that, for all practical purposes, he would be deprived of his day in

court. Dkt. 20 at 3. To support his argument, he asserts that the accident and accident witnesses are not in Arizona, that he does not reside in Arizona, and that he will be unable to afford to find and hire another attorney licensed in Arizona. *Id.*; *see also* Dkt. 19. Gehrmann additionally argues that while a showing of increased expense is insufficient to meet the challenging party's burden, "a showing that plaintiff is financially unable to conduct the litigation in the contract state may be conclusive." *Borst v. Hi-Line Elec. Co.*, 698 F. Supp. 223, 226 (S.D. Ala. 1988) (citing *Bremen*, 407 U.S. at 18).

The Court is sympathetic to Gehrmann, but he has not met his "heavy burden of proof" in establishing that he will be deprived of his day in court if this case is transferred to the District of Arizona. Gehrmann declares that he would not be able to afford to hire an attorney in Arizona, but he has not made a specific showing that he has contacted potential counsel in Arizona and counsel is unaffordable or unwilling to work on a contingent basis. And as Contract Defendants highlight, Gehrmann's current counsel could seek *pro hac vice* admittance in Arizona to represent him. Gehrmann may have to hire local counsel, but this burden does not foreclose him from pursuing a remedy. Further, although the accident and accident witnesses are not in Arizona, neither are they in Washington.

The Court thus concludes that the forum selection clauses are mandatory and that Gehrmann has not shown that enforcement of the clauses would be unreasonable and unjust.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants Knight-Swift Transportation Holdings, Inc., Mohave Transportation Insurance Co., and Interstate Equipment Leasing, LLC's motion to transfer venue, Dkt. 11, is **GRANTED**. The Clerk shall transfer this case to the District of Arizona.

Dated this 22nd day of March, 2021.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7